Delores SHARP, Appellant

v.

KROGER TEXAS L.P., Appellee

NO. 14-15-00784-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinions filed July 21, 2016

Albert L. Giddens, Pasadena, TX, for appellant.

Brock C. Akers, Houston, TX, for appellee.

Panel consists of Justices Boyce, Christopher, and Jamison.

## OPINION

Martha Hill Jamison, Justice

This is an appeal from the trial court's grant of summary judgment in favor of appellee Kroger Texas L.P. based on appellant Delores Sharp's failure to exercise due diligence in procuring citation and effectuating service of process on Kroger before the two-year statute of limitations expired. We affirm.

### Background

On April 15, 2013, Sharp allegedly was injured at Kroger's grocery store. Sharp filed suit on November 19, 2014. The statute of limitations expired on April 15, 2015. Sharp asked the district court clerk to issue citation on April 27, 2015, twelve days after the expiration of the statute of limitations, and five months and eight days after Sharp filed her petition.[1] Service on Kroger was effected on May 12, 2015.

---

1. The date Sharp sent her request is not in the   record on appeal. However, she attached the

Kroger answered, pleading the affirmative defense of limitations, and thereafter filed a motion for summary judgment on the ground that Sharp had not served Kroger before the statute of limitations expired. In her response, Sharp argued that "the delay between filing the case and issuing citation was in the hopes that the parties could work together to settle the matter." The only evidence attached to the response was a letter from Kroger's claims representative sent to Sharp's attorney thirteen days prior to the expiration of the statute of limitations in which the claims representative requested radiology films "to properly evaluate liability." The trial court granted Kroger's motion and denied Sharp's motion for new trial.

### Discussion

■ In her sole issue on appeal, Sharp challenges the trial court's grant of summary judgment, contending that she used due diligence in effecting service on Kroger within 27 days after the statute of limitations expired and the parties' attempt to settle the matter justified her delay in effecting service. We disagree.

■ We review de novo the trial court's grant of summary judgment. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.2009). In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Tex. R. Civ. P. 166a(c)). When a defendant moves for summary judgment on an affirmative defense, it must conclusively prove all the essential elements of his defense as a matter of law, leaving no issues of material fact. *Frost Nat'l Bank v.*

*Burge*, 29 S.W.3d 580, 587 (Tex.App.—Houston [14th Dist.] 2000, no pet.). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007) (per curiam).

■ A suit for personal injuries must be brought within two years from the time the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex.2007). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Id.* Once a defendant has affirmatively pleaded the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Id.* at 216. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Id.* But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id.*

It is undisputed that Sharp filed suit before the statute of limitations expired

---

citation request as Exhibit "C" to her appellate brief. The parties agree with this timeline

of events.

but did not request citation or effect service on Kroger until after the statute of limitations expired. Kroger pleaded the affirmative defense of limitations. *See id.* The burden then shifted to Sharp to demonstrate due diligence as to every period of delay in procuring citation and effecting service on Kroger. *See id.*

**Diligence Measured from Filing of Lawsuit.** As an initial matter, we address the applicable time period. Relying on two supreme court cases, Sharp contends that diligence in obtaining service is measured from the expiration of the statute of limitations and not from the date of filing of the lawsuit. *See id.; Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). However, this reliance is misplaced. These cases reiterate the longstanding rule that the measure of diligence begins from the time the suit is filed and an explanation is needed for every period of delay. *See Proulx,* 235 S.W.3d at 216 (analyzing period of delay "between the filing of suit and service of citation"); *Gant,* 786 S.W.2d at 260 (measuring periods of delay from date suit was filed); *see also Tate v. Beal,* 119 S.W.3d 378, 380 (Tex.App.—Fort Worth 2003, pet. denied) ("The duty to exercise diligence is a continuous one, extending from the date suit is filed until service is obtained.").

In *Proulx,* the plaintiff filed suit approximately 20 days before the statute of limitations expired. 235 S.W.3d at 214. Citation was issued the day before limitations expired, and the plaintiff began trying to serve the defendant with process the next day. *Id.* The supreme court concluded that the defendant failed to conclusively establish plaintiff's explanation was insufficient when plaintiff made thirty service attempts over the course of nine months to five different addresses while the defendant was actively avoiding service. *Id.* at 217. *Proulx* is distinguishable from the case at hand because Sharp did not request issuance of citation until several months after the lawsuit was filed and almost two weeks after statute of limitations had expired and there is no evidence that Kroger was avoiding service.

In *Gant,* the supreme court considered the cumulative period between the time the plaintiff filed the lawsuit and successfully accomplished service on the defendant after the expiration of the statute of limitations, focusing on the plaintiff's unexplained delay in obtaining service. 786 S.W.2d at 260. The court ultimately held that the plaintiff failed to use due diligence. *Id.* We similarly must analyze Sharp's delay from the time the suit was filed until she requested citation and effected service.

**Due Diligence Lacking as a Matter of Law.** A plaintiff is not required to use the highest degree of diligence to procure service but is required to use the degree of diligence that an ordinarily prudent person would have used under the same or similar circumstances. *Auten v. DJ Clark, Inc.,* 209 S.W.3d 695, 698–99 (Tex.App.—Houston [14th Dist.] 2006, no pet.). Generally, the question of diligence is a question of fact, but if no excuse is offered for a delay in the service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Belleza–Gonzalez v. Villa,* 57 S.W.3d 8, 12 (Tex.App.—Houston [14th Dist.] 2001, no pet.). Texas courts have consistently held that due diligence is lacking as a matter of law when there are unexplained lapses of time between filing suit, issuance of citation, and service. *Li v. Univ. of Tex. Health Sci. Ctr. at Houston,* 984 S.W.2d 647, 652 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). "[T]he question of due diligence is answered by looking at: (1) the time taken to procure citation and/or service and (2) the type of

effort or lack of effort the plaintiff expended in procuring service." *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

Sharp contends that the reason for her "27 day delay from citation to service" was for office staff to request citation and for the process server to serve Kroger. However, this explanation leaves unexplained her five-month delay in requesting citation and effecting service. We held in *Webster* that a plaintiff lacked due diligence as a matter of law after a four month and ten day delay when that delay was coupled with insufficient effort to serve process on a defendant after filing suit. *Id.* at 290. Moreover, "several Texas courts have held that delays of more than a few months negate due diligence as a matter of law." *Belleza–Gonzalez*, 57 S.W.3d at 11–12 (citing *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 168 (Tex.App.—Texarkana 1997, no writ) (nine months); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex.App.—Corpus Christi 1994, no writ) (five months); *Butler v. Ross*, 836 S.W.2d 833, 835–36 (Tex.App.—Houston [1st Dist.] 1992, no writ) (five months); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 860 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.) (six months)).

Sharp contends, however, that she waited so long from the time of filing suit to procure citation and effect service on Kroger because the parties were working together to resolve the case. Sharp asserts that a reasonably prudent person would have continued working with Kroger "in an effort to save the cost of citation and service." However, Sharp presented no evidence that the parties agreed to delay service during settlement negotiations. Unilaterally waiting to serve a defendant during settlement negotiations is not due diligence.[2] *Cf. Belleza–Gonzalez*, 57 S.W.3d at 12 (holding that an agreement to delay in effecting service must meet the requirements of Texas Rule of Evidence 11).

We conclude that Sharp's inaction for over five months in procuring citation and accomplishing service on Kroger conclusively negates due diligence as a matter of law. *See id.* As such, the trial court did not err in rendering summary judgment in favor of Kroger.

We overrule Sharp's only issue and affirm the trial court's judgment.

(Christopher, J., concurring).

Tracy Christopher, Justice, concurring

I write separately to address the issue of due diligence before the statute of limitations has run. Most of our precedent involving due diligence are cases where a plaintiff files suit shortly before the expiration of limitations. Because the plaintiff must also serve the lawsuit before limitations has run, our court and many other courts conclude that the plaintiff must show due diligence from the time of filing of the lawsuit until service is accomplished.

Using that precedent the majority faults Sharp for her unexplained five month delay between the filing of the lawsuit and the running of limitations. While I agree that Sharp failed to exercise due diligence in serving her lawsuit, I write separately to urge that delay that occurs before the

---

**2.** The only evidence Sharp offered in response to the summary judgment motion is a letter sent by Kroger's claims representative requesting radiology films from Sharp's attorney "to properly evaluate liability." The letter, dated 4½ months after suit was filed, does not mention settlement negotiations or any agreement to toll limitations reached between the parties. Sharp offers no other evidence or explanation for her inactivity between filing suit and requesting citation and effecting service.

running of limitations should be examined differently from delay that occurs after the running of limitations. In my opinion, it was reasonable for Sharp to delay serving her lawsuit while attempting to settle the case. We should not discourage attempts to settle cases at a lower cost. However, that excuse cannot cover all five months, absent an enforceable agreement to delay service.

Because we have never held that a plaintiff has a duty to file a suit as soon as possible, plaintiffs can and do wait until the last minute to file. It seems incongruous to fault a plaintiff with five months of delay in attempting service when that same plaintiff could have waited those same five months without filing at all, filed three days before the expiration of limitations, and served a defendant after limitations had run. Assuming that the plaintiff exercised diligence, we would hold that service was timely and related back, even if service was not accomplished for more than a year. *See, e.g., Auten v. DJ Clark, Inc.,* 209 S.W.3d 695 (Tex.App.—Houston [14th Dist.] 2006, no pet.). In examining due diligence we never require a plaintiff to state why he or she waited until the last minute to file the lawsuit.

However, Sharp did file suit five months early and did have time to accomplish service. A prudent plaintiff must serve the defendant and, in this case, I would fault Sharp for not attempting service a month before the statute of limitations would expire. Sharp explained that it took her 27 days to prepare citation and serve Kroger. A person exercising due diligence would know that service steps need to start a month before the statute of limitations expired.

Sharp offered no reasonable excuse for her complete failure to even attempt service before limitations ran. Her belated service after limitations had run did not show due diligence. I agree that the summary judgment was correct, and I respectfully concur with this court's judgment.