**Affirmed and Memorandum Opinion filed February 28, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00998-CV

---

### SON TRAN, Appellant

### V.

### YULLY V. TREJOS, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2017-06881**

---

## M E M O R A N D U M   O P I N I O N

Appellant Son Tran appeals a summary judgment dismissing his negligence suit on statute of limitations grounds. Tran sued appellee Yully V. Trejos during the applicable two-year statute of limitations but did not achieve service on Trejos until forty-three days after limitations expired. Tran contends that the trial court erred in granting summary judgment because a genuine issue of material fact exists on whether he exercised diligence in attempting service of process.

We conclude that Trejos met her summary judgment burden, but Tran failed to explain all lapses of service efforts from the time he filed suit on January 31, 2017 until he achieved service on October 9, 2017. Thus, the trial court did not err in granting summary judgment in Trejos's favor. We affirm the trial court's judgment.

## Background

On January 31, 2017, Tran sued Trejos for injuries he allegedly suffered resulting from a car accident that occurred on August 27, 2015. Tran's counsel requested service on Trejos on February 1, 2017 at an address in Rosenberg, Texas or "wherever she may be found." Service was not achieved at that time, and the record reveals no additional attempts at service until September 2017.

On May 12, 2017, Tran moved to substitute counsel. The trial court granted the motion to substitute counsel on May 14. According to Tran, his new counsel did not receive the order and did not discover that the substitution had been approved until mid-August.

Tran's new counsel filed a first amended petition with a new service address for Trejos on August 23, 2017. Hurricane Harvey struck the Texas Gulf Coast on August 25. On August 28, the Supreme Court and Court of Criminal Appeals of Texas jointly ordered that "all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and procedures—whether prescribed by statute, rule, or procedure—in any case, civil or criminal." This order expired on September 27. The courts subsequently issued a joint order suspending statutes of limitations

> for any civil claim if the claimant shows that the disastrous conditions resulting from Hurricane Harvey prevented the timely filing of the claim despite the party's and counsel's diligent efforts. Any such suspension extends only to the date on which it becomes reasonably

2

possible to file the claim despite the disastrous conditions, taking into account the circumstances.

This order, initially set to expire on September 27, was extended through October 25, 2017.

Citation for Trejos at a different address was issued and mailed to Tran's new counsel on September 7, 2017. On September 19, 21, 24, and 29, Tran's process server unsuccessfully attempted service on Trejos at the new address. On the last date, September 29, the process server discovered that Trejos had moved and "no further information was available." On October 3, Tran's counsel discovered a new address for Trejos, and the process server achieved service on Trejos at this address on October 9, 2017.

Trejos filed an answer on October 27, generally denying Tran's allegations and asserting as relevant here a statute of limitations affirmative defense. Trejos filed a traditional motion for summary judgment, urging that limitations barred Tran's suit and that Tran did not exercise diligence in serving process. Tran responded, contending that he exercised diligence in serving Trejos. Tran presented some evidence showing the efforts undertaken to achieve service of the amended petition in September 2017. However, Tran provided no evidence establishing efforts, if any, he undertook to achieve service on Trejos from the time of the lawsuit's filing on January 31, 2017, until his new counsel began attempting service in September.[1]

---

[1] Less than twenty-four hours before the hearing on Trejos's summary-judgment motion, Tran filed an amended response and additional evidence. Trejos objected to the untimely amended response and evidence, and the trial court sustained Trejos's objection and struck the evidence from the record. Tran does not complain of this ruling on appeal and limits his discussion to the evidence filed with his original response.

The trial court granted Trejos's motion for summary judgment and dismissed Tran's claims against her on December 1, 2017. This appeal timely followed.

## Standard of Review

We review the trial court's grant of summary judgment de novo. *Molina v. Gears*, No. 14-16-00858-CV, 2018 WL 1404340, at *3-4 (Tex. App.—Houston [14th Dist.] Mar. 20, 2018, pet. denied) (mem. op.). In the traditional summary judgment context, as here, the movant has the burden to show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Molina*, 2018 WL 1404340, at *4. A defendant seeking summary judgment on the basis of an affirmative defense such as limitations bears the burden to conclusively establish every element of that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *see also Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). To defeat summary judgment, the non-movant must present evidence creating a genuine issue of material fact on at least one of the elements of the affirmative defense. *See Diversicare Gen. Partner*, 185 S.W.3d at 846.

## Applicable Law

A plaintiff must bring suit for personal injury within two years from the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). To "bring suit" within the applicable limitations period, a plaintiff must both file suit within that period and use due diligence to serve the defendant with process. *See, e.g., Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Proulx*, 235 S.W.3d at 215-16; *Sharp*, 500 S.W.3d at 119. When, as here, a defendant affirmatively pleads the defense of limitations and shows that service was not achieved within the applicable limitations period, the

4

burden shifts to the plaintiff to prove diligence. *Sharp*, 500 S.W.3d at 119 (citing *Proulx*, 235 S.W.3d at 216). To show diligence, the plaintiff must present evidence of the efforts made to serve the defendant and explain every lapse in effort or period of delay. *Id.* If the plaintiff's explanation for the delay raises a genuine issue of material fact concerning the diligence of service efforts, the burden shifts back to the defendant to show why, as a matter of law, the explanation is insufficient. *Id.* Conversely, if one or more lapses between service efforts are unexplained or patently unreasonable, then the plaintiff has failed to show diligence as a matter of law, and the defendant will bear no further burden at all. *See Proulx*, 235 S.W.3d at 216.

## Analysis

Tran does not dispute that the statute of limitations for his personal injury suit against Trejos expired on August 27, 2017, two years after the date of the accident. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Proulx*, 235 S.W.3d at 215. Likewise, it is undisputed that Tran filed suit against Trejos before the statute of limitations expired but did not serve Trejos with the lawsuit until forty-three days after limitations expired. Thus, Trejos is entitled to summary judgment on her limitations defense unless Tran presented evidence raising a genuine issue of material fact on due diligence as to every period of delay in effecting service. *See Sharp*, 500 S.W.3d at 120. For the following reasons, we conclude that Tran failed to demonstrate diligence for all periods of delay.

Although a plaintiff is not required to use the highest degree of diligence to procure service, he must use the degree of diligence that an ordinarily prudent person would have used under the same or similar circumstances. *Sharp*, 500 S.W.3d at 120 (citing *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 698-99 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). Diligence is generally a question of fact, but if a plaintiff offers no excuse for a delay in service or if the lapse of time and the plaintiff's acts

5

conclusively negate diligence, courts will find a lack of diligence as a matter of law. *Id.* (citing *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

Courts consistently hold that due diligence is lacking as a matter of law when unexplained lapses of time exist between filing suit, issuance of citation, and service. *Id.* (citing *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)); *see also Ashley*, 293 S.W.3d at 180-81 (plaintiff's unexplained eight-month gap in service efforts demonstrated lack of diligence as a matter of law); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) ("Plaintiffs' unexplained delay of three periods totaling 38 months in obtaining service on defendant establishes failure to use diligence as a matter of law."); *Milcoun v. Werner Co.*, —S.W.3d—, 2018 WL 4868955, at *3-6 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (plaintiff's explanations for making no effort to serve defendant during ten-month period both before and after limitations expired showed lack of diligence as a matter of law); *Molina*, 2018 WL 1404340, at *4-5 (plaintiff's unexplained 81-day delay in first attempting service—which occurred after limitations expired—coupled with failure to achieve service until over 10 months after limitations expired amounted to lack of diligence as a matter of law); *Slagle v. Prickett*, 345 S.W.3d 693, 698-99 (Tex. App.—El Paso 2011, no pet.) (plaintiff failed to exercise due diligence when he took no action for three months after he filed his original petition); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (plaintiff failed to exercise due diligence when he filed suit two weeks before limitations expired but offered no explanation for effecting service thirty-one days after limitations expired); *Carter v. MacFadyen*, 93 S.W.3d 307, 314 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (plaintiff failed to exercise due diligence in part due to failure to explain two and one-half month gap

between the timely filing of the plaintiff's petition and first service attempts after limitations expired); *Rodriguez v. Tisman & Houser, Inc.*, 13 S.W.3d 47, 51-52 (Tex. App.—San Antonio 1999, pet. denied) (plaintiff failed to exercise due diligence even though service was accomplished a few weeks after limitations period expired).

Tran filed suit on January 31, 2017, but he did not secure service of process until October 9, 2017. The statute of limitations expired August 25, 2017. Tran offered an excuse for delay in service for the time period from May through late August based on: (1) the substitution of counsel, notice of which was not received until mid-August; (2) Hurricane Harvey's impact on service efforts after August 25, 2017; and (3) ineffective service attempts in September because Trejos changed addresses.

Regarding Tran's first proffered excuse for delay from mid-May to mid-August—based on counsel not receiving notice that the motion to substitute counsel had been granted—Tran presented no evidence demonstrating that Tran or his new counsel made inquiries on the status of the order within a reasonable time after the motion to substitute was filed in May. The trial court had in fact signed an order granting the motion to substitute counsel shortly after the motion was filed. Regardless whether Tran received official notice of the order, it is not reasonably diligent to allow more than three months to pass without affirmatively checking the status of a pending motion to substitute counsel when the party knows that service has not been achieved and the limitations deadline is fast approaching. *See Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *3 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (concluding plaintiff failed to show diligence as a matter of law in part because she failed to provide any explanation for her approximate two-month delay in inquiring with the clerk's office about procuring citation); *see also Slagle*, 345 S.W.3d at 698 ("[W]hen a defendant

complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."); *cf. Sharp*, 500 S.W.3d at 122 (Christopher, J., concurring) (plaintiff's failure to attempt service a month before limitations expired when the lawsuit had been on file for several months showed a lack of diligence and supported summary judgment on limitations). Thus, Tran has not provided evidence of reasonable diligence in attempting to obtain service during the three-month period from mid-May to mid-August.

Tran's two additional explanations do not defeat summary judgment. Assuming Hurricane Harvey's effects prevented service efforts after August 25, Tran's counsel obtained a new citation within two weeks after that date. We also note that Tran's several service attempts in September were unsuccessful due to Trejos's change of address. Crediting Tran's diligence in service efforts after Hurricane Harvey, Tran has not demonstrated ordinary diligence from mid-May through the date Hurricane Harvey struck.

Accordingly, although Tran filed his petition within the limitations period, his claim is barred nonetheless by Trejos's limitations defense because Tran did not achieve service until well outside the limitations period and did not present evidence reasonably explaining all delays in serving Trejos. Because the trial court did not err in granting summary judgment on limitations grounds, we overrule Tran's issue.

## Conclusion

We affirm the trial court's judgment.

/s/ Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.

8