

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00253-CV

_____

HENRY PEREZ AND WILLIAM LOPEZ, Appellants

V.

EULA THOMAS, Appellee

_____

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2015-005958-2

_____

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Henry Perez and William Lopez appeal from the trial court's final judgment granting summary judgment against them on statute-of-limitations grounds in their suit against Eula Thomas. We will affirm.

**Background**

On October 16, 2013, Thomas allegedly ran a red light and crashed into a truck that Perez was driving. Lopez was a passenger in Perez's vehicle.

On October 15, 2015 (the day before limitations expired), Perez and Lopez sued Thomas for negligence, seeking personal-injury and property damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (setting a two-year limitations period for personal-injury and property-damage actions). In July 2016, the trial court dismissed the case for want of prosecution. Perez and Lopez successfully moved to reinstate the case the following month.

Perez and Lopez served Thomas on April 27, 2017. Thomas answered and then moved for summary judgment, arguing that limitations barred Perez's and Lopez's claims because she was served 18 months after limitations had expired and they did not exercise due diligence in serving her with citation and the petition. Perez and Lopez responded, but the trial court granted Thomas's motion and issued a take-nothing judgment against Perez and Lopez. Perez and Lopez have appealed, raising two issues: (1) Perez and Lopez's summary-judgment evidence raised a material fact

2

issue on diligence and (2) Thomas did not carry her summary-judgment burden because she did not submit evidence with her motion.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

Limitations is an affirmative defense. Tex. R. Civ. P. 94. A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## Service Outside the Limitations Period

A plaintiff must bring suit for personal injuries and property damages arising from an automobile accident not later than two years after the day the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). To "bring suit," a plaintiff must not only file suit within the limitations period but must also use diligence in

serving the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If a plaintiff files suit within the limitations period but serves the defendant after that period has expired, the service date relates back to the filing date if the plaintiff was diligent in serving the defendant. *See id.*; *see also Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

When a defendant affirmatively pleads a limitations defense and shows that the plaintiff effected service after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216. The plaintiff then has the burden to present evidence regarding the efforts that he made to serve the defendant and to explain every lapse in effort or period of delay. *Id.* "In some instances, the plaintiff's explanation may be *legally* improper to raise the diligence issue and the defendant will bear no burden at all." *Id.* In others, "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* If the plaintiff's explanation raises a material fact issue regarding diligence, then the burden shifts back to the defendant to show why, as a matter of law, the explanation is insufficient. *Id.*

"The duty to exercise diligence is a continuous one, extending from the date suit is filed until service is obtained." *Tate v. Beal*, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. denied); *see Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 120 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (stating that "the measure of diligence begins from the time the suit is filed"). A plaintiff's diligence is generally a fact

4

question and "is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. The relevant inquiry in assessing diligence is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent until the defendant was served. *Id.* But if no excuse is offered for the delay or if the lapse of time and the plaintiff's acts conclusively negate diligence, lack of diligence will be found as a matter of law. *See Sharp*, 500 S.W.3d at 120 (noting that Texas courts have consistently held that due diligence is lacking as a matter of law when there are unexplained lapses of time between filing suit, issuance of citation, and service).

## Analysis

We consider Perez and Lopez's issues in reverse order because before they were required to explain their delay in serving Thomas, she had the burden to plead a limitations defense[1] and to show that she was served after limitations had expired. *See Proulx*, 235 S.W.3d at 216.

---

[1]Thomas moved for summary judgment on a limitations defense even though she had not pleaded it. An unpleaded affirmative defense may serve as a basis for summary judgment when it is raised in the motion and the opposing party does not object to the lack of pleading either in its written response or before rendition of judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). Because Perez and Lopez made no complaint in the trial court (or raise any complaint on appeal), Thomas's pleading omission has no effect on our analysis.

5

In their second issue, Perez and Lopez complain that Thomas was not entitled to summary judgment because she did not support her motion with affidavits or other evidence. Although Thomas did not attach evidence to her motion, she asked the trial court to take judicial notice of its own record and relied on the trial court's record in her motion. *See* Tex. R. Civ. P. 166a(c) (stating that summary-judgment proof need only be "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court"); *Lance v. Robinson*, 543 S.W.3d 723, 732 (Tex. 2018) ("Our rules require a trial court to grant a summary-judgment motion if the evidence '*on file at the time of the hearing*, or filed thereafter and before judgment with permission of the court,'" establishes that the movant is "entitled to judgment as a matter of law." (emphasis added) (quoting Tex. R. Civ. P. 166a(c))); *Weisberg v. London*, No. 13-02-659-CV, 2004 WL 1932748, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2004, no pet.) (mem. op.) ("When considering a summary-judgment motion, the trial court may judicially notice documents that are part of its record in the case at issue, since they are already on file and available for the court's consideration."); *Jones v. Jones*, 888 S.W.2d 849, 852–53 (Tex. App.—Houston [1st Dist.] 1994, no writ) (stating that because trial court may take judicial notice of documents and orders that are part of its record, movant need not attach copies of such documents and orders to summary-judgment motion).

The record shows that Perez and Lopez sued Thomas on October 15, 2015. In their original petition, they stated that the accident occurred on October 16, 2013. *See*

6

*Simmons v. Elmow Holdings, Inc.*, No. 2-08-027-CV, 2008 WL 2716805, at * 4 (Tex. App.—Fort Worth July 10, 2008, pet. denied) (mem. op.) (concluding that plaintiff's statement in his live pleading that the accident occurred on or about a certain date was a judicial admission that the accident occurred on that date); *Commercial Structures & Interiors, Inc. v Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 835 (Tex. App.—Fort Worth 2006, no pet.) ("Although pleadings generally do not constitute summary judgment proof, if a plaintiff's pleadings contain judicial admissions negating a cause of action, summary judgment may properly be granted on the basis of the pleadings."). The record also shows Thomas was served on April 27, 2017, over 18 months after limitations had expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). By asking the trial court to take judicial notice of its own record and because the trial court's record showed an 18-month gap between the dates of filing and service of the lawsuit, Thomas's motion sufficed to shift the burden to Perez and Lopez to explain their delay in serving her. We therefore overrule their second issue.

In their first issue, Perez and Lopez argue that their summary-judgment evidence raised a material fact issue regarding diligence. In their summary-judgment response, Perez and Lopez's attorney complained that when she filed suit in October 2015, she had difficulty requesting citation through Tarrant County's electronic-filing system. She claimed that her repeated requests for citation through the e-filing system were rejected and that the trial-court clerk rejected her oral, in-person request for

citation. According to counsel, "problems with the new efiling system[2] were the ONLY reason and the ONLY cause for the delay" in serving Thomas.[3]

As evidence of diligence, Perez and Lopez attached emails from eFileTexas.gov, Texas courts' e-filing system. According to these emails, Perez and Lopez's attorney might have attempted to have citation issued on October 27, 2015, but that filing was returned.[4] Perez and Lopez waited over nine months before requesting citation again on August 3, 2016. But the clerk rejected that request

[2]The electronic-filing system was not new. *See* Tex. R. Evid. 201(b)(1), (c)(1). When Perez and Lopez filed suit in October 2015, e-filing had been mandatory in civil cases filed in Tarrant County courts at law for almost two years. *See* Supreme Court of Tex., Amended Order Requiring Electronic Filing in Certain Courts, Misc. Docket No. 13-9164 (Dec. 9, 2013).

[3]Perez and Lopez supported their summary-judgment response with an "affidavit" from their attorney in which she swears that the facts in the response are within her personal knowledge and are true and correct. Even though this document is in the form of an affidavit, it is not an affidavit under rule 166a(f), and it amounts to nothing more than a verified responsive pleading, which is not competent summary-judgment evidence. *See* Tex. R. Civ. P. 166a(f) (setting out required form of supporting and opposing affidavits); *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.—Dallas 2011, pet. denied). But even if we consider statements in the response as evidence, they do not raise a fact issue on diligence because, as we explain, there were prolonged, unexplained periods of inactivity between filing suit and service.

[4]This rejection email listed the "Filing Type" as "Notice" but made no mention of a citation request. The email's stated reason for rejection was "PDF Documents Combined – Please separate Lead Documents." In the "Return Comment" section, the filer was instructed: "Please do not add documents as attachments; all documents efiled should be separate lead documents; you must resubmit your filing within 24 hours of this return in order to retain your original submission date; questions 817-884-1248 Lekedra." There is no evidence that Perez and Lopez's attorney resubmitted this filing.

because the case had been dismissed for want of prosecution the month before, on July 12, 2016. The record shows that Perez and Lopez successfully moved to reinstate the case on August 5, 2016, but they did not request citation again for another eight months. The trial-court clerk rejected that April 5, 2017 request because it was not made by an attorney. On April 10, 2017, Perez and Lopez's attorney requested citation. This time, she was successful, and the trial-court clerk issued citation on April 11, 2017. The record shows Thomas was served about two weeks later.

As noted above, in determining diligence we examine "the time it took to *secure citation*, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216 (emphasis added). When there are unexplained lapses of time between filing suit, citation issuance, and service, Texas courts have consistently held that due diligence is lacking as a matter of law. *Sharp*, 500 S.W.3d at 120; *see also Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.) ("Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process.").

Here, even if we accept Perez and Lopez's attorney's problems-with-electronic-filing excuse as true, the record shows that after the attorney's first failed request for citation two weeks after she filed suit, there was an unexplained delay of more than nine months before she asked the trial-court clerk to issue citation again. This request was rejected because the trial court had dismissed the case. After the trial court

9

reinstated the case, the attorney inexplicably waited eight more months before requesting citation again. Even though Perez and Lopez served Thomas relatively quickly after they finally successfully requested citation, the time between filing suit and serving Thomas was over 18 months, most of which was filled with significant unexplained periods of inaction.

Because Perez and Lopez's summary-judgment response failed to explain the months-long gaps between their citation-request attempts before they finally served Thomas 18 months after they filed suit, we conclude that the evidence established, as a matter of law, that they failed to diligently procure citation and serve Thomas. *See, e.g., Sharp*, 500 S.W.3d at 121 (concluding that unexplained five-month delay between filing suit and requesting citation and effecting service negated due diligence as a matter of law). We therefore overrule their first issue.

## Conclusion

Having overruled Perez and Lopez's two issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 6, 2019