**Affirmed and Memorandum Opinion filed August 13, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00139-CV

### DOLLY ANN ISLAS, Appellant

### V.

### DAISY SANCHEZ DOMINGUEZ, Appellee

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1067857**

## MEMORANDUM OPINION

This is an appeal from the trial court's grant of summary judgment in favor of Daisy Sanchez Dominguez based on Dolly Ann Islas' failure to exercise due diligence in procuring citation and effectuating service of process on Dominguez before the two-year statute of limitations expired. We affirm.

### *Background*

Islas alleges she was injured in a car accident on December 9, 2014 when

Dominguez failed to yield the right of way while turning left across traffic, resulting in a collision. Islas filed suit on September 23, 2015. Islas moved for substituted service on January 13, 2016. Her attorney attached an affidavit to the motion in which he attested, "I have exercised due diligence in attempting to locate the whereabouts of Daisy Sanchez Dominguez and have been unable to do so. I have attempted by mail, [publicdata.com], and phone books." The trial court signed an order granting the motion for substituted service on January 22, 2016, authorizing Islas to serve Dominguez with citation by publication. The statute of limitations expired on December 9, 2016. On January 20, 2017, Islas moved the court to appoint an attorney to defend Dominguez "because service will be made by publication."[1] The trial court appointed an attorney ad litem on January 26, 2017. Service on Dominguez was effected on February 22, 2017.

Dominguez answered, pleaded the affirmative defense of limitations, and filed a motion for summary judgment on the ground that Islas had not served Dominguez before the statute of limitations expired. In her response, Islas argued she served Dominguez "only two months after the expiration of the statute of limitations," Dominguez did not conclusively prove Islas' lack of due diligence, and Islas "searched all databases and public records for the whereabouts of [Dominguez] before determining that [counsel] was going to be unable to locate [Dominguez]." Islas presented an affidavit from the attorney ad litem attesting that it took him three to four months to locate Dominguez. The trial court granted Dominguez's motion and dismissed the lawsuit.

---

[1] *See* Tex. R. Civ. P. 244 ("Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases.").

## *Discussion*

In three issues, Islas contends that the trial court erred in granting the trial court's motion for summary judgment because (1) the pleadings attached to Dominguez's motion were not authenticated, (2) Dominguez did not conclusively prove her affirmative defense of limitations, and (3) Islas diligently obtained service after the expiration of the statute of limitations.

We review de novo the trial court's grant of summary judgment. *See Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id*. (citing Tex. R. Civ. P. 166a(c)). When a defendant moves for summary judgment on an affirmative defense, she must conclusively prove all the essential elements of her defense as a matter of law, leaving no issues of material fact. *Id*. We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See id*. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Id*.

A suit for personal injuries must be brought within two years from the time the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); *Sharp*, 500 S.W.3d at 119. If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Proulx*, 235 S.W.3d at 215; *Sharp*, 500 S.W.3d at 119. Once a defendant has

3

affirmatively pleaded the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216; *Sharp*, 500 S.W.3d at 119. Thus, the plaintiff has the burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216; *Sharp*, 500 S.W.3d at 119. But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Proulx*, 235 S.W.3d at 216; *Sharp*, 500 S.W.3d at 119.

It is undisputed that Islas filed suit before the statute of limitations expired but did not serve Dominguez with process until after that date. Dominguez pleaded the affirmative defense of limitations. The burden then shifted to Islas to demonstrate due diligence as to every period of delay in procuring citation and effecting service on Dominguez. *See Sharp*, 500 S.W.3d at 119.

Islas complains, however, that the pleadings attached to the motion for summary judgment (which were from this lawsuit) were not authenticated. We presume the trial court took into consideration the file that was before it in its own court. *See Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 697 n.15 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (stating "[t]he trial court may properly take into consideration the file that is before it . . . [w]e presume the trial court took judicial notice of its files")). Dominguez was only required to state in her motion for summary judgment that she pleaded the affirmative defense of limitations and was not required to attach authenticated copies of the pleadings that are in the trial court's file. *See Sharp*, 500 S.W.3d at

119. The burden then shifted to Islas to show due diligence. *See id.*

Islas argues that she showed due diligence because she served Dominguez only two and a half months after the expiration of the statute of limitations and diligence should be measured after the expiration of the statute of limitations. But we have repeatedly held that "the measure of diligence begins from the time the suit is filed and an explanation is needed for every period of delay." *Sharp*, 500 S.W.3d at 120; *see also Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at *3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.); *Milcoun v. Werner Co.*, 565 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Callaway v. Beuhler*, No. 14-16-00554-CV, 2016 WL 7478379, at *3 (Tex. App.—Houston [14th Dist.] Dec. 29, 2016, no pet.) (mem. op). Accordingly, we must analyze Islas' delay from the time the suit was filed until she requested citation and effected service. *See Sharp*, 500 S.W.3d at 120.

A plaintiff is not required to use the highest degree of diligence to procure service but is required to use the degree of diligence that an ordinarily prudent person would have used under the same or similar circumstances. *Id*. Generally, the question of diligence is a question of fact, but if no excuse is offered for a delay in the service of citation, or if the lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Id*. Texas courts have consistently held that due diligence is lacking as a matter of law when there are unexplained lapses of time between filing suit, issuance of citation, and service. *Id*. We consider the time taken to "procure citation and/or service" and the type of effort or lack of effort the plaintiff expended in procuring service. *Id*. at 120–21.

The trial court granted the motion for substituted service on January 22,

5

2016.[2] But Islas waited until February 15, 2017 to request citation by publication, which is one year and five months after suit was filed, over a year after the trial court granted the motion for substituted service, and over two months after the statute of limitations had expired. Service by citation was effected a week after the request for citation was filed, on February 22, 2017. Islas offers no explanation on appeal for these periods of delay other than to say "[s]ervice two and a half months after the statute of limitations [expired] is clearly diligent effort." Islas was required to explain what steps she took to obtain service during every period of delay. *See Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.) ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."); *see also Sharp*, 500 S.W.3d at 121 (holding inaction for over five months with no explanation for period of delay conclusively negated due diligence as a matter of law).

We hold that Islas' inaction for over a year in procuring citation and accomplishing service conclusively negates due diligence as a matter of law. *See Sharp*, 500 S.W.3d at 121. Moreover, it is not reasonably diligent to wait over two months after the statute of limitations has expired to effect service by publication when the trial court had already granted a motion for service by publication long before the expiration of the limitations period. *See Tran*, 2019 WL 962605, at *4 ("[I]t is not reasonably diligent to allow more than three months to pass without affirmatively checking the status of a pending motion to substitute counsel when the party knows that service has not been achieved and the limitations deadline is

---

[2] Islas waited a year after that to file a motion asking the trial court to appoint an attorney to defend the suit on behalf of Dominguez. She was not required to do so before effecting service. *See* Tex. R. Civ. P. 244 (requiring trial court to appoint attorney to defend the suit after service by publication if "no answer has been filed nor appearance entered within the prescribed time").

fast approaching."); *cf. Sharp*, 500 S.W.3d at 122 (Christopher, J., concurring) (concluding plaintiff's failure to attempt service before limitations expired when the lawsuit had been on file for several months showed a lack of diligence and supported summary judgment on limitations). We overrule Islas' three issues.

### *Conclusion*

We conclude that the trial court did not err in rendering summary judgment in favor of Dominguez. We affirm the judgment of the trial court.

/s/    Frances Bourliot
Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.