**Affirmed and Memorandum Opinion filed May 10, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00175-CV**

---

**RENEE JENKINS, Appellant**

**V.**

**RODNEY TAYLOR, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No.  1136968**

## M E M O R A N D U M   O P I N I O N

Appellant Renee Jenkins appeals a summary judgment dismissing her negligence suit on statute of limitations grounds.  Jenkins sued appellee Rodney Taylor during the applicable two-year statute of limitations but did not achieve service on Taylor until ten months after limitations expired.  Jenkins contends that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether she exercised diligence in attempting service of process, particularly in light of circumstances related to the COVID-19 pandemic.

We conclude that Taylor met his summary judgment burden, but Jenkins failed to explain all lapses of service efforts from the time she filed suit on July 5, 2019 until she achieved service on September 18, 2020. Thus, the trial court did not err in granting summary judgment in Taylor's favor. We affirm the trial court's judgment.

## Background

On July 5, 2019, Jenkins sued Taylor for injuries she allegedly suffered resulting from a car accident that occurred on October 10, 2017. In her petition, Jenkins requested citation by certified mail on Taylor for the address at which he was ultimately personally served. Service was not achieved at the time of filing, and the record reveals no additional attempts at service until May 2020.

In late January 2020, the World Health Organization Director-General released a statement on the outbreak of COVID-19, declaring a public health emergency. On March 13, 2020, Governor Greg Abbott issued a proclamation recognizing COVID-19 as an imminent threat of disaster in Texas. Additionally, the Supreme Court of Texas and the Court of Criminal Appeals of Texas jointly issued the First Emergency Order Regarding the COVID-19 State of Disaster on March 13, 2020, ordering that "all courts in Texas may . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order." 596 S.W.3d 265 (Tex. 2020). This order, initially set to expire on May 8, was extended by a series of subsequent orders.

On May 5, 2020, Jenkins requested citation by certified mail, but service was not achieved. Jenkins again requested citation by mail twice in mid-September 2020, but service was not achieved. Finally, a process server personally served Taylor on September 18, 2020.

Taylor filed an answer on October 9, 2020, generally denying Jenkins's allegations and asserting a statute of limitations affirmative defense. Based on his limitations defense, Taylor filed a traditional motion for summary judgment, urging that Jenkins did not exercise diligence in effectuating service for the eleven months following the expiration of limitations on October 10, 2019. Jenkins responded, contending that she exercised diligence in serving Taylor by paying the service and citation fees at the time of filing her petition and by following up periodically with the clerk's office. As a reason for delay, Jenkins cited COVID-19 complications with her counsel beginning in February 2020. However, other than a declaration from her counsel that Jenkins "exercised due diligence in having Defendant served with citation and a copy of the petition," Jenkins provided no evidence establishing the efforts, if any, that she undertook to achieve service on Taylor from the time of the lawsuit's filing on July 5, 2019, until the second request for citation on May 5, 2020.

The trial court granted Taylor's motion for summary judgment and dismissed Jenkins's claims against him on January 18, 2021. The court later denied Jenkins's motion for new trial.

## Standard of Review

We review summary judgments de novo. *Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at \*2-4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.). In the traditional summary judgment context, the movant has the burden to show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Tran*, 2019 WL 962605, at \*2. A defendant seeking summary judgment based on an affirmative defense such as limitations bears the burden to conclusively establish every element of that defense, including the accrual date of the cause of action. *Diversicare Gen.*

3

*Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *see also Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). To defeat summary judgment, the non-movant must present evidence creating a genuine issue of material fact on at least one of the elements of the affirmative defense. *See Diversicare Gen. Partner*, 185 S.W.3d at 846.

## Applicable Law

A plaintiff must bring suit for personal injury within two years from the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). To "bring suit" within the applicable limitations period, a plaintiff must both file suit within that period and use due diligence to serve the defendant with process. *See, e.g.*, *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Proulx*, 235 S.W.3d at 215-16; *Sharp*, 500 S.W.3d at 119. When, as here, a defendant affirmatively pleads a limitations defense and shows that service was not achieved within the applicable limitations period, the burden shifts to the plaintiff to prove diligence. *Sharp*, 500 S.W.3d at 119 (citing *Proulx*, 235 S.W.3d at 216). To show diligence, the plaintiff must present evidence of the efforts made to serve the defendant and explain every lapse in effort or period of delay. *Id.* If the plaintiff's explanation for the delay raises a genuine issue of material fact concerning the diligence of service efforts, the burden shifts back to the defendant to show why, as a matter of law, the explanation is insufficient. *Id.* Conversely, if one or more lapses between service efforts are unexplained or patently unreasonable, then the plaintiff has failed to show diligence as a matter of law, and the defendant will bear no further burden at all. *See Proulx*, 235 S.W.3d at 216.

## Analysis

Jenkins does not dispute that the statute of limitations for her personal injury suit against Taylor expired on October 10, 2019. *See* Tex. Civ. Prac. & Rem. Code

4

§ 16.003(a); *Proulx*, 235 S.W.3d at 215.  Likewise, it is undisputed that Jenkins filed suit against Taylor before the statute of limitations expired but did not serve Taylor with the lawsuit until eleven months after limitations expired.  Thus, Taylor is entitled to summary judgment on his limitations defense unless Jenkins presented evidence raising a genuine issue of material fact on due diligence as to every period of delay in effecting service.  *See Sharp*, 500 S.W.3d at 120.  For the following reasons, we conclude that Jenkins failed to demonstrate diligence for all periods of delay.

Although a plaintiff is not required to use the highest degree of diligence to procure service, she must use the degree of diligence that an ordinarily prudent person would have used under the same or similar circumstances.  *Sharp*, 500 S.W.3d at 120 (citing *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 698-99 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).  Diligence is generally a question of fact, but if a plaintiff offers no excuse for a delay in service or if the lapse of time and the plaintiff's acts conclusively negate diligence, courts will find a lack of diligence as a matter of law.  *Id.* (citing *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).  Courts consistently hold that due diligence is lacking as a matter of law when unexplained lapses of time exist between filing suit, issuance of citation, and service.[1]

---

[1] *Sharp*, 500 S.W.3d at 120 (citing *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)); *see also Ashley*, 293 S.W.3d at 180-81 (plaintiff's unexplained eight-month gap in service efforts demonstrated lack of diligence as a matter of law); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) ("Plaintiffs' unexplained delay of three periods totaling 38 months in obtaining service on defendant establishes failure to use diligence as a matter of law."); *Tran*, 2019 WL 962605, at *4 ("Crediting Tran's diligence in service efforts after Hurricane Harvey, Tran has not demonstrated ordinary diligence from mid-May through the date Hurricane Harvey struck."); *Milcoun v. Werner Co.*, 565 S.W.3d 358, 363-66 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (plaintiff's explanations for making no effort to serve defendant during ten-month period both before and after limitations expired showed lack of diligence as a matter of law); *Molina v. Gears*, No. 14-16-

Jenkins filed suit on July 5, 2019, but she did not secure service of process until September 18, 2020. The statute of limitations expired on October 10, 2019. Jenkins offered an excuse for the delay in service based on: (1) delays related to the COVID-19 outbreak beginning in January 2020; and (2) not being aware that service of citation was not achieved.

Jenkins's first proffered explanation relates to the period from filing suit on July 5, 2019 to her second service attempt on May 5, 2020. She presented no evidence demonstrating that she or her counsel made inquiries on the status of citation during this ten-month period. The World Health Organization declared a public health emergency based on COVID-19 in January 2020, and the Texas Governor's proclamation along with the First Emergency Order Regarding the COVID-19 State of Disaster followed on March 13, 2020. Assuming COVID-19's effects delayed service efforts after January 2020, Jenkins nonetheless has not demonstrated ordinary diligence during the three months between early July 2019 and the expiration of limitations in October 2019, nor during the three months after the limitations deadline until the COVID-19 outbreak in January 2020. Further, Jenkins presented no evidence demonstrating that she or her counsel inquired on the

00858-CV, 2018 WL 1404340, at *4-5 (Tex. App.—Houston [14th Dist.] Mar. 20, 2018, pet. denied) (mem. op.) (plaintiff's unexplained 81-day delay in first attempting service—which occurred after limitations expired—coupled with failure to achieve service until over ten months after limitations expired amounted to lack of diligence as a matter of law); *Slagle v. Prickett*, 345 S.W.3d 693, 698-99 (Tex. App.—El Paso 2011, no pet.) (plaintiff failed to exercise due diligence when he took no action for three months after he filed his original petition); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (plaintiff failed to exercise due diligence when he filed suit two weeks before limitations expired but offered no explanation for effecting service thirty-one days after limitations expired); *Carter v. MacFadyen*, 93 S.W.3d 307, 314 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (plaintiff failed to exercise due diligence in part due to failure to explain two and one-half month gap between the timely filing of the plaintiff's petition and first service attempts after limitations expired); *Rodriguez v. Tisman & Houser, Inc.*, 13 S.W.3d 47, 51-52 (Tex. App.—San Antonio 1999, pet. denied) (plaintiff failed to exercise due diligence even though service was accomplished a few weeks after limitations period expired).

status of service throughout the second four-month period of inactivity between May 2020 and early September 2020.

The failure to inquire as to the status of service from July 2019 to May 2020 likewise fatally undermines Jenkins's second proffered explanation for delay. A conclusory declaration from her counsel that Jenkins "diligently, periodically followed up with the clerk's office on the status of service by mail" and that, between July 2019 and May 2020, Jenkins's counsel "conducted additional background and comprehensive searches, confirming that Defendant did in fact reside at the address at which he was ultimately served" does not establish diligence. It is not reasonably diligent to allow more than three months to pass between filing of suit and the expiry of the limitations period without affirmatively checking the status of service. *Tran*, 2019 WL 962605, at \*4; *Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at \*3 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (concluding plaintiff failed to show diligence as a matter of law in part because she failed to provide any explanation for her approximate two-month delay in inquiring with the clerk's office about procuring citation); *see also Slagle*, 345 S.W.3d at 698 ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."); *cf. Sharp*, 500 S.W.3d at 122 (Christopher, J., concurring) (plaintiff's failure to attempt service a month before limitations expired when the lawsuit had been on file for several months showed a lack of diligence and supported summary judgment on limitations). Thus, Jenkins has not provided evidence of reasonable diligence in attempting to obtain service from July 2019 to May 2020.

Accordingly, although Jenkins filed her petition within the limitations period, her claim is barred by Taylor's limitations defense because Jenkins did not achieve service until well outside the limitations period and did not present evidence

reasonably explaining all delays in serving Taylor sufficient to create a genuine issue of material fact. Because the trial court did not err in granting summary judgment on limitations grounds, we overrule Jenkins's issue.

## Conclusion

We affirm the trial court's judgment.

/s/  Kevin Jewell
    Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.