**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00235-CV

_____

**BUDGET RENT A CAR SYSTEM, LLC, Appellant**

**V.**

**GRESTEL VALADEZ, Appellee**

**On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1066704**

# O P I N I O N

Appellant Budget Rent A Car System, LLC filed suit against appellee Grestal Valadez before the statute of limitations expired but did not achieve service on Valadez until after limitations had run. After a bench trial on Valadez's statute-of-limitations affirmative defense, the trial court held that Budget had not exercised due diligence in serving Valadez and entered a take-nothing judgment against Budget. In its sole issue on appeal, Budget contends that the trial court erred by holding that

it did not use due diligence in obtaining service on Valadez. We affirm.

## BACKGROUND

On October 11, 2013, a Budget rental vehicle was involved in an accident with a vehicle driven by Valadez. The last day for Budget to file suit against Valadez for damage to the vehicle was October 11, 2015. On August 27, 2015, Budget filed an original petition against Valadez. Valadez was not served with this petition. On September 1, 2015, Budget filed a first amended petition against Valadez. On September 3, 2015, the clerk prepared the first amended petition and citation for pick up and, on October 5, 2015, the documents came to the process server. The first amended petition and citation were served on Valadez on October 16, 2015. Valadez asserted the affirmative defense of statute of limitations because she was served after the statute of limitations had expired.

The parties tried Valadez's statute-of-limitations defense to the trial court on February 9, 2017. No witnesses were called and no exhibits were introduced or admitted. There was no dispute that Valadez was served after the statute of limitations, which had expired on October 11, 2015. Instead, the parties argued whether Budget established that it had used due diligence in having Valadez served.

At the end of the hearing, the trial court verbally ruled in favor of Valadez and signed the final judgment on February 10, 2017, dismissing the lawsuit with prejudice because Budget did not prove by a preponderance of the evidence that it had used due diligence in serving Valadez.

On March 9, 2017, the trial court signed findings of fact and conclusions of law. Although the trial court held in the final judgment that Budget had not proved due diligence in completing service on Valadez before the statute of limitations had run, the trial court's findings of fact and conclusions of law held the opposite: they

2

set forth a litany of actions Budget allegedly took in trying to obtain service on Valadez, and concluded that Budget was diligent in achieving service on Valadez and its suit was timely. Budget filed a motion for new trial. The trial court held a hearing on the motion for new trial, on March 21, 2017, and denied the motion.

Budget claims that the findings of fact entered by the trial court demonstrate that its efforts to have Valadez served were diligent and, based on the findings of fact, the trial court erred in entering judgment in favor of Valadez on her statute-of-limitations defense.

## STANDARD OF REVIEW

Because the findings of fact in a bench trial have the same force and dignity as a jury verdict, we review them for legal sufficiency of the evidence under the same standards we apply in reviewing the jury's findings. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).[1] When conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable a reasonable fair-minded factfinder to find the facts at issue. *See id.*[2]

---

[1] Although Budget appears to argue that the evidence is factually sufficient to support the trial court's findings of fact, we construe Budget's position as the evidence is legally sufficient to support the trial court's findings of fact.

[2] Budget cites Texas Rule of Civil Procedure 299a for the proposition that if there is a conflict between findings of fact contained in a judgment and findings of fact made later in a separate document pursuant to Rules 297 and 298, the latter findings of fact control for appellate purposes. *See* Tex. R. Civ. P. 299a. Budget provides no analysis with respect to 299a's applicability to our facts. In any event, because the trial court made no findings of fact in the judgment, Rule 299a

A suit for damage to property must be brought within two years from the time the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). When a plaintiff files a petition within the limitations period but does not serve the defendant until after the statute of limitations has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam).

"In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam). Whether the plaintiff exercises diligence is generally a question of fact, which is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id.* "Although a question of fact, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (quoting *Proulx*, 235 S.W.3d at 216).

Once a defendant has affirmatively pleaded a limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). It is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Id.* If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden

does not apply to this case.

4

shifts back to the defendant to conclusively show why the explanation is insufficient. *Id.* The measure of diligence begins from the time suit is filed and an explanation is needed for every period of delay, not just from the expiration of the statute of limitations. *Molina v. Gears*, No. 14-16-00858-CV, 2018 WL 1404340, at *5 (Tex. App.—Houston [14th Dist.] Mar. 20, 2018, no pet. h.) (mem. op.); *Sharp*, 500 S.W.3d at 120.

### ANALYSIS

The trial court entered findings of fact, several of which are not supported by the record. Budget only cites the findings in support of its position that its "service efforts were constant." Budget does not cite any support in the record for the findings.

We conclude that the evidence is not legally sufficient to support the trial court's findings of fact. Without evidence of those findings of fact, the record only reflects evidence of the following facts that were discussed or uncontested at trial: (1) the accident occurred on October 11, 2013; (2) the original petition was filed on August 27, 2015; (3) the clerk prepared the citation and first amended petition for pickup on September 3, 2015; (4) the citation and first amended petition came to the process server on October 5, 2015; and (5) the citation and first amended petition were served on Valadez on October 16, 2015.

Budget offered no evidence to explain the thirty-two-day delay between September 3, 2015, when the clerk prepared the citation and first amended petition for pickup, and October 5, 2015, when the documents came to the process server. Nonetheless, Budget asserts that Texas courts have found diligence in cases involving significantly fewer efforts in securing service than the efforts in this case and periods of time longer than the considerably shorter length of time demonstrated here, citing *Proulx, supra*. However, in *Proulx*, there was some evidence showing

5

either efforts by the process server or the plaintiff to effectuate the service during the period. *See Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.). In *Proulx*, the plaintiff presented evidence that it had hired investigators and that multiple process servers had attempted to serve the defendant thirty times at five different addresses over the nine-month period from the date the law suit was filed until shortly before limitations ran. 235 S.W.3d at 217. The evidence also showed that the difficulties in achieving service were attributable to the defendant's moving from relative to relative to avoid service. *Id.*

Even if the delay is "relatively short," the plaintiff must still present "*some evidence*" of diligence in obtaining service. *Mauricio*; 287 S.W.3d at 480; *see also Rojas v. CitiMortgage, Inc.*, No. 13-16-00257-CV, 2017 WL 4054397, at *5 (Tex. App.—Corpus Christi Sept. 14, 2017, no pet.) (mem. op.) (holding that the plaintiff failed to carry its burden as a matter of law where it failed to explain the thirty-six-day delay between filing suit and obtaining service, even though service was completed eight days after the passing of limitations); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (holding that the plaintiff failed to raise a fact issue on diligence because the proffered excuse for the twenty-five-day delay between the expiration of limitations and service was not valid); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (holding that suit was barred by limitations where the plaintiff provided no explanation for the eighteen-day delay between the expiration of limitations and service on the defendant).

Because Budget provided no evidence to explain every lapse in its efforts or period of delay in effecting service, we conclude that the trial court did not err by entering judgment and dismissing Budget's claims against Valadez based on her limitations defense. *See Molina*, 2018 WL 1404340, at *5 (stating that unexplained

6

delays in effecting service show a lack of due diligence); *Plantation Prod. Props., L.L.C. v. Meeks*, No. 10-02-00029-CV, 2004 WL 2005445, at *6 (Tex. App.—Waco Sept. 8, 2004, no pet.) (mem. op.) (any unexplained extended periods of time in which no attempt at service of process is made constitutes a lack of due diligence as a matter of law); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) (an unexplained delay constitutes lack of due diligence as a matter of law). Therefore, we overrule Budget's sole issue on appeal.

Accordingly, we affirm the trial court's judgment.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Boyce, Jamison, and Brown.