

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00364-CV

———————————————

ZACHARY SADEGHIAN, AGENT AND TRUSTEE OF KAMY REAL
PROPERTY TRUST, KAMY TRUST, RERAM INC., KOZAMESA INC., KAMY
INVESTMENTS LLC, AMY J. SADEGHIAN OF KAMY REAL PROPERTY
TRUST, AND ZFN REALTY LLC, Appellants

V.

DENTON CENTRAL APPRAISAL DISTRICT, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-9874-431

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

This appeal arises from a property tax appraisal dispute. Appellants Zachary Sadeghian, Agent and Trustee of KAMY Real Property Trust, KAMY Trust, Reram Inc., Kozamesa Inc., KAMY Investments LLC, Amy J. Sadeghian of KAMY Real Property Trust, and ZFN Realty LLC, appeal from the trial court's order granting Appellee Denton Central Appraisal District's (DCAD) motion for summary judgment on its affirmative defense of limitations. In a single issue, Appellants complain that the trial court erred by granting DCAD summary judgment because a fact issue exists regarding whether they had exercised diligence in effectuating service after limitations had run.[1] We affirm.

## II. BACKGROUND

Appellants, who own many properties in Denton County, brought this lawsuit under Chapter 42 of the Texas Tax Code to appeal orders issued by the Denton

---

[1]Appellants describe their sole issue presented as "[w]hether, on the extant record, the trial court erred by granting the Motion for Summary Judgement [sic] filed by the District, dismissing Appellants['] 2022 appraisal challenge for want of jurisdiction." But, as DCAD points out, the trial court did not dismiss Appellants' case for want of jurisdiction; rather, it granted DCAD's motion for summary judgment based on its affirmative defense of limitations. *See Dall. Indep. Sch. Dist. v. Barfield*, No. 05-01-01897-CV, 2002 WL 1788014 at *4 (Tex. App.—Dallas Aug. 5, 2002, no pet.) (not designated for publication) ("[T]he proper vehicle for raising the affirmative defense of limitations is a motion for summary judgment, not a plea to the jurisdiction." (citing *Univ. of Houston v. Elthon*, 9 S.W.3d 351, 356–57 (Tex. App.—Houston [14th Dist.] 1999, no pet.))).

County Appraisal Review Board (ARB) regarding Appellants' protests to the appraised property tax values for certain properties. Appellants received notice of the ARB's orders on September 20, 2022, and filed their petition for review on November 14, 2022—seven days before limitations expired.[2] *See* Tex. Tax Code Ann. § 42.21(a) (providing that a party must file a petition for review of an ARB order "within 60 days after the party received notice that a final order has been entered"). Although Appellants timely filed their lawsuit, they failed to request the issuance of citation until May 8, 2023, and DCAD was not served with process until May 9, 2023—176 days after Appellants filed suit.

DCAD timely filed an answer in which it asserted limitations as an affirmative defense. Subsequently, DCAD filed a motion for summary judgment based on its limitations defense. Following a hearing, the trial court granted DCAD's summary judgment motion. This appeal followed.

## III. DISCUSSION

In their sole issue, Appellants argue that the trial court erred by granting DCAD's summary judgment motion because DCAD did not conclusively establish its

---

[2]Because the sixtieth day following September 20, 2022, was a Saturday, the limitations period expired on Monday, November 21, 2022. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.072 (extending limitations "to include the next day that the county offices are open for business" when last day falls on a Saturday, Sunday, or holiday).

limitations defense as a matter of law. Specifically, Appellants assert that a fact issue exists regarding whether they used due diligence in serving DCAD. We disagree.

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B. Applicable Law

A statute of limitations establishes a time limit for suing in a civil case, *Goetsch v. Rolls*, No. 02-20-00263-CV, 2021 WL 733090, at *4 (Tex. App.—Fort Worth Feb. 25, 2021, pet. denied) (mem. op.) (citing *Statute of Limitations*, Black's Law Dictionary (11th ed. 2019)), and operates as an affirmative defense to a cause of action, *Dunmore*

4

*v. Chi. Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.). Filing a lawsuit does not stop the limitations period from running "unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). The date of service will relate back to the filing date only "[i]f service is diligently effected after limitations has expired." *Id.*

In the summary judgment context, there are shifting burdens on the question of whether a plaintiff exercised due diligence in effecting service. A defendant meets its initial burden to establish a limitations defense by showing that service occurred after the limitations period expired. *Flanigan v. Nekkalapu*, 613 S.W.3d 361, 364 (Tex. App.—Fort Worth 2020, no pet.). With this showing in place, "the burden shifts to the plaintiff to explain the delay and to raise a fact question regarding diligence of service." *Id.* (citing *Butler v. Skegrud*, No. 02-14-00168-CV, 2015 WL 4148474, at *2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.)). This burden includes the need to "explain 'every lapse in effort or period of delay.'" *Id.* (quoting *Proulx*, 235 S.W.3d at 216). Should the plaintiff raise a fact question on the issue of diligence, "the burden shifts back to the defendant to conclusively show why the explanation is insufficient." *Id.* at 365.

The standard to assess diligence is whether "the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216; *see also Flanigan*, 613 S.W.3d at 365 ("The plaintiff must show continuous diligence from the

5

filing of the suit up until the date that the defendant is served."). "Generally, the question of the plaintiff's diligence in effecting service is one of fact[] and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. But "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*; *see also Lethbridge v. Stout*, No. 14-15-01034-CV, 2017 WL 924522, at *2 (Tex. App.—Houston [14th Dist.] Mar. 7, 2017, no pet.) (mem. op.) ("Texas courts have consistently held that due diligence is lacking as a matter of law when there are unexplained lapses of time between filing suit, issuance of citation, and service." (citing *Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 120 (Tex. App.—Houston [14th Dist.] 2016, no pet.))). Further, because "[a]n excuse of diligence must involve diligence to seek service of process," *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ), a plaintiff's explanation may demonstrate a lack of diligence as a matter of law when it merely attempts to explain why the plaintiff did nothing instead of describing the efforts it undertook to effect service, *see Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.) ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing.").

6

## C. Analysis

Here, although Appellants timely filed their lawsuit, it is undisputed that service did not occur until more than five months after the limitations period had expired. Thus, to avoid summary judgment Appellants were required to show that they had exercised diligence in serving DCAD by explaining "every lapse in effort or period of delay" in effectuating service. *Flanigan*, 613 S.W.3d at 364. Because they failed to do so,[3] the trial court properly granted DCAD summary judgment on its limitations defense. *See id.* at 365–67.

---

[3]Appellants, citing at least one case in which a court determined that a plaintiff did not lack diligence as a matter of law despite taking even longer to effect service than Appellants did here, seem to argue that the mere fact that they waited 176 days to serve DCAD is not alone sufficient to show that they lacked diligence as a matter of law. *See English v. Record*, No. 01-20-00608-CV, 2021 WL 4095253, at *3–5 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) (mem. op.) (holding fact issue existed regarding plaintiff's diligence despite 238-day gap between filing of petition and service of defendant). While this argument is correct as far as it goes, it misses the point. When—as here—a plaintiff serves a defendant after limitations has expired, it bears the burden to show that it was unceasingly diligent in attempting to effect service. *Flanigan*, 613 S.W.3d at 364. Any unexplained or patently unreasonable lapse—even a relatively short one—is sufficient to show that the plaintiff lacked diligence as a matter of law. *See Proulx*, 235 S.W.3d at 216; *see also Budget Rent A Car Sys., LLC v. Valadez*, 558 S.W.3d 304, 308 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that 32-day unexplained delay established lack of diligence as a matter of law); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (holding that the plaintiff failed to raise a fact issue on diligence because the proffered excuse for the 25-day delay between the expiration of limitations and service was not valid). Thus, the relevant issue is not the length of the delay per se but whether the plaintiff was diligent in attempting to effect service throughout the delay—regardless of its length.

The only explanation that Appellants offered for their delay in serving DCAD was that their "properties became part of legally binding arbitration" under Tax Code Section 41A.015, which Appellants had purportedly requested just prior to filing their lawsuit. Appellants believed that they could not serve DCAD until the arbitration process was completed. But, as DCAD points out, this belief was incorrect.

Section 41A.015's purpose is to allow a property owner to pursue arbitration to compel the ARB to comply with certain procedural rules. *See* Tex. Tax Code Ann. § 41A.015(a). For example, a property owner may invoke this limited arbitration procedure to compel an ARB to schedule a hearing on a protest; to deliver information to the property owner in the manner required by the Tax Code; or to allow the property owner to offer evidence, examine or cross-examine witnesses, and present arguments at an ARB hearing. *See id.* § 41A.015(a)(2)–(4). Section 41A.015's limited arbitration procedure has nothing to do with the merits of a protest; rather, a protest's merits are determined by an ARB order that a property owner can then appeal to the district court under Chapter 42 of the Tax Code—as Appellants did here. *See id.* §§ 42.01(a), 42.23(a). Because a district court's review of an ARB order under Chapter 42 is by trial de novo, a Chapter 42 appeal cures any procedural errors from the ARB proceeding, effectively rendering any pending arbitration under Section 41A.015—which is solely concerned with procedural issues—moot. *See Appraisal Rev. Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (recognizing the general rule

8

that "a trial de novo cures all procedural errors from the proceedings below" and that this "general rule . . . is applicable to review of appraisal review board orders"). Further, Section 41A.015 expressly provides that "[a]n award under this section does not affect [a] property owner's right to" pursue a Chapter 42 appeal or any other legal or statutory remedies available to it. Tex. Tax Code Ann. § 41A.015(n). Thus, it does not appear—and Appellants have not shown—that a pending Section 41A.015 arbitration prevents or excuses a property owner from effecting service in a Chapter 42 appeal involving the same property.[4]

---

[4]Appellants cite no authority for this proposition, stating only,

> In the[] code[,] "Arbitrators are required by law to dismiss all L[imited] B[inding] A[rbitration] requests they determine do not meet the requirements of the law. In the event that a case is dismissed, other than when there are delinquent taxes on the property, the arbitrator may charge up to the total allowable fee and the property owner may not receive a refund of their deposit. LBA requests are required to be dismissed for the following reasons: Litigation was filed before the LBA request was submitted that involves the same issues for the same properties in the same tax year as addressed in the LBA request."

As DCAD notes, "the[] code" presumably means the Tax Code, but Appellants do not explicitly state which code they are referring to or cite a specific statute. In any event, the quoted language, which does not appear anywhere in Section 41A.015, does not even address service of process.

Having failed to properly cite any authority supporting their contention that a pending Section 41A.015 arbitration prevented or excused them from serving DCAD—a contention that is central to their appellate argument—Appellants have arguably forfeited their sole issue. *See* Tex. R. App. P. 38.1(i) (providing that an appellant's brief "must contain a clear and concise argument for the contentions made, *with appropriate citations to authorities* and to the record" (emphasis added)); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (admonishing that the

9

Indeed, even if Appellants could show that their properties' involvement in a pending Section 41A.015 arbitration proceeding would have excused them from serving DCAD, their summary judgment evidence failed to demonstrate that they had properly invoked Section 41A.015's limited arbitration process in the first place. Before a property owner may file a request for limited arbitration under Section 41A.015, it must "deliver[] written notice to the chairman of the [ARB], the chief appraiser, and the taxpayer liaison officer for the applicable appraisal district by certified mail . . . of the procedural requirement with which the property owner alleges the [ARB] or chief appraiser failed to comply" within five business days after the alleged procedural violations occurred. Tex. Tax Code Ann. § 41A.015(b)(1). But the certified mail receipt attached to Appellants' summary judgment response only showed that the notice was sent to DCAD, and although the letter itself shows no addressees, the salutation is to the "Chief Appraiser of the Central Appraisal District and the ARB Chairman or [DCAD's] ARB personnel"; it does not mention the taxpayer liaison officer. Moreover, Appellants' notice is dated September 13, 2022,

"[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal"); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing). Despite this lack of authority, we will address the merits of this appeal. *See Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) (Osborne, J., concurring) ("Appellate courts have the discretion to waive issues for inadequate briefing." (first citing *Fredonia State Bank*, 881 S.W.2d at 284; and then citing *Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019))); *cf. Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

10

but the relevant ARB hearings were held on July 12 and August 25, 2022. Thus, any alleged procedural violations would have occurred more than five business days before Appellants sent the notice.

Further, Appellants' proffered excuse does not show that they were diligent in seeking service of process; rather, it merely attempts to explain why they did nothing. *See Slagle*, 345 S.W.3d at 698. Thus, it is insufficient to raise a fact issue concerning diligence. *See id.*; *see also Allen v. Smith Cnty. Appraisal Dist.*, No. 12-15-00029-CV, 2015 WL 5157509, at *3 (Tex. App.—Tyler Sept. 2, 2015, no pet.) (mem. op.) (holding that property owner had failed to raise a fact issue concerning diligence because her explanation for not timely serving the appraisal district did not show diligence in attempting to effectuate service but instead explained why she had done nothing); *Rodriguez*, 13 S.W.3d at 51 (holding plaintiff's explanation that her failure to effectuate service resulted from a miscommunication between her lawyers was invalid because it "d[id] not involve diligence in attempting to effectuate service" but rather was offered as an excuse as to why service had not been attempted).

Because Appellants' proffered excuse for failing to timely serve DCAD (1) is not valid and (2) does not involve diligence in attempting to effectuate service, they have failed to raise a fact issue regarding diligence. *See Allen*, 2015 WL 5157509, at *3; *see also Jarell v. Brookshire Grocery Co.*, No. 12-02-00096-CV, 2002 WL 1933229, at *2 (Tex. App.—Tyler Aug. 21, 2002, pet. denied) (not designated for publication) ("Because [a]ppellant's proffered excuse does not involve diligence in attempting to

11

effectuate service, and her explanation is not valid, it fails to raise a fact issue on diligence."). Thus, DCAD established its limitations defense as a matter of law,[5] *see Proulx*, 235 S.W.3d at 216, and the trial court did not err by granting summary judgment, *see Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 532 (Tex. 1997).

We overrule Appellants' sole issue.

### IV. CONCLUSION

Having overruled Appellants' sole issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 28, 2024

---

[5]In their brief, Appellants, echoing an argument raised in their summary judgment response, assert that DCAD's summary judgment evidence was inadequate because it was "not . . . authenticated" and was "not on file with the court." But at the summary judgment hearing, Appellants acknowledged that because the relevant facts were undisputed, "it [was] irrelevant whether [the trial court] sustain[ed] or overrule[d]" their evidentiary objections and stated that they "didn't intend to proceed with [their] objections." Thus, the trial court never ruled on them. Having failed to obtain a ruling on their evidentiary objections, Appellants failed to preserve them for appellate review. *See* Tex. R. App. P. 33.1(a); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.*, 499 S.W.3d 169, 176 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Generally, a party forfeits an objection when the party . . . fails to obtain a ruling on any objection to summary-judgment evidence." (citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 925–26 (Tex. App.—Houston [14th Dist.] 2000, pet. denied))).