# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2026

Lyle W. Cayce
Clerk

———————

No. 24-20413

———————

Glenn Larkins; Rhonda Larkins,

*Plaintiffs—Appellants*,

*versus*

S.D.P. Manufacturing, Incorporated; CTE, L.L.C., *doing business as* Custom Truck One Source; CTE, L.L.C., *doing business as* Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC and Utility One Source; CTEC, Incorporated; Custom Truck & Equipment, L.L.C., *doing business as* Custom Truck One Source; Custom Truck One Source, Incorporated, *formerly known as* NESCO Holdings II, Incorporated and NESCO L.L.C. DBA NESCO Rentals, NESCO Specialty Rentals, NESCO Sales and Rentals; CTEC Holding Company, L.L.C.; CTEC Holdings, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1687

———————————————————————

Before Southwick, Willett, and Ho, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

Plaintiffs must bring suit within the governing limitations period. Under Texas law, that means not just filing the complaint with the court, but

also serving process on all defendants, in timely fashion. *See*, *e.g.*, *Texas State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024).

But tardy service will be excused—and relate back to the filing date—so long as the plaintiff is diligent in effecting service (and timely as to the filing). *See*, *e.g.*, *id.* After all, "[t]imely filing a lawsuit is often far easier than timely effecting service." *Id.* at 298–99. "People can hide, be absent, or just be hard to find." *Id.* at 299. It would "create perverse incentives to deem a lawsuit untimely if a plaintiff does everything she can to properly serve a defendant when, purposefully or otherwise, the defendant or third parties make that service extremely difficult." *Id.*

In this case, the district court held that Plaintiffs were insufficiently diligent in effecting service and thus untimely as a matter of law. The court faulted Plaintiffs for waiting three days to forward their service citations to a process server. It questioned why Plaintiffs waited several weeks before following up with the process server. And it noted that, after the process server expressed confusion over Defendants' addresses, Plaintiffs took several more days to clarify the service instructions.

We conclude that the district court was more demanding than Texas law requires. Texas law requires ordinary diligence—not the highest degree of diligence. *See*, *e.g.*, *Sharp v. Kroger Texas L.P.*, 500 S.W.3d 117, 120 (Tex. App.—Hous. [14th Dist.] 2016). Drawing all reasonable inferences in Plaintiffs' favor, there is a genuine fact question concerning diligence that precludes dismissal as a matter of law.

Under Texas law, three days to transmit the complaint to the process server may constitute diligence. Likewise, on this record a reasonable factfinder could conclude that allowing the process server 18 business days to attempt service on multiple similarly named corporate defendants was not patently unreasonable—an ordinarily diligent plaintiff may allow some time

for a third party to do their job. And Plaintiffs note that, during this time, their counsel was distracted by a courthouse fire that impacted an unrelated case.

To be sure, a plaintiff may not hand citations to a process server and forget about the case. Plaintiffs remain responsible for service—no matter how occupied their attorneys may be on other matters.

But on this record, Plaintiffs' service efforts and explanations were not so inadequate that lack of diligence could be found as a matter of law. Considering the relative brevity of the delay, Plaintiffs' explanation is sufficient to create a fact question concerning diligence.

We accordingly reverse and remand for further proceedings consistent with this opinion.

## I.

Glenn Larkins was performing maintenance on a defective transformer when a small derrick tipped over and injured him. Two years later, he and his wife sued the manufacturer of the derrick, S.D.P. Manufacturing, as well as several corporate entities that leased the machine to Larkins's employer.[1]

They timely filed their suit in Texas state court on the final day of the statute of limitations, and received citations to serve Defendants with process the following day. *See* Tex. Civ. Prac. & Rem. Code § 16.003.

---

[1] The corporate entity defendants are Custom Truck One Source, Inc.; CTEC Holdings Co., LLC; CTE, LLC doing business as Custom Truck One Source; CTE, LLC, Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC; CTEC, Inc.; and Custom Truck & Equipment, LLC doing business as Custom Truck One Source. They were formerly known as NESCO Holdings II, Inc. and NESCO LLC doing business as NESCO Rentals, NESCO Specialty Rentals and NESCO Sales and Rentals.

Three days later, a paralegal at the law firm representing Plaintiffs forwarded the citations to a process server. Service was completed approximately a month and a half later.

According to the paralegal, the final day of the Texas limitations period coincided with discovery and deposition deadlines in an unrelated case involving the firm in a Louisiana court. Trial was set to start there in two weeks. The paralegal for the Larkinses' case was also assigned to staff the Louisiana trial. What's more, there was a fire in the Louisiana courthouse, resulting in "an order changing all deadlines" that apparently caused "significant confusion." Shortly thereafter, on the original date of the trial, the Louisiana court "did not hold trial, but instead unilaterally heard a Motion In Limine and excluded all counsel's evidence." The Louisiana court then "reset the trial for a month later," according to the paralegal. In response, the Larkinses' attorney "returned to Houston and undertook to write an Emergency Writ to the Louisiana Court [o]f Appeals."[2]

Roughly 18 business days—or a total of 26 days—passed before the paralegal followed up with the process server to confirm completion of service in this case.

The process server sent a weekend reply a few days later, explaining that service remained pending due to confusion over Defendants' identities. In response, the paralegal performed an "audit" of Defendants' addresses and sent the process server revised instructions several days later.

---

[2] Defendants note that the Larkinses' attorney, David Patrick Daniel Jr., was not acting as retained counsel in the Louisiana trial, but was himself a defendant, with independent legal representation. But it's not clear how this twist materially alters the analysis—if anything, it reinforces the existence of a fact question.

No. 24-20413

Defendants were successfully served over the following two weeks. In total, around 50 days passed before all Defendants were served. Defendants then removed the case to federal court.

The district court found that Plaintiffs were insufficiently diligent in effecting service, and accordingly granted S.D.P. Manufacturing's motion to dismiss, as well as summary judgment to the corporate entities. *See Larkins v. S.D.P. Mfg.*, 2024 WL 3744396 (S.D. Tex.).

## II.

"We review dispositive motions such as dismissals and summary judgments *de novo.*" *GWTP Investments, L.P. v. SES Americom, Inc.*, 497 F.3d 478, 481 (5th Cir. 2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Jackson v. Duff*, 161 F.4th 343, 346 (5th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A statute of limitations may support dismissal under Rule 12(b)(6)." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Summary judgment is warranted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is improper where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Norman v. Bodum USA, Inc.*, 44 F.4th 270, 272 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In a diversity action, we apply the substantive law of the forum state. *See Huss v. Gayden*, 571 F.3d 442, 449 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A state statute of limitations is substantive, not procedural, so we apply Texas law here. *See Saenz v. Keller Industries of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992).

5

No. 24-20413

### III.

Under Texas law, a plaintiff may serve a defendant outside the statute of limitations, so long as they timely file their suit and are diligent in effecting service. *See*, *e.g.*, *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). "[A]s long as a plaintiff truly labors to achieve service of process," their diligence will "prevent[] the running of limitations." *Tanner*, 689 S.W.3d at 298.

Texas courts evaluate a plaintiff's diligence "by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (citation omitted). "This necessarily fact-intensive inquiry is 'determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service.'" *Tanner*, 689 S.W.3d at 299 (quoting *Proulx*, 235 S.W.3d at 216).

The plaintiff initially bears the evidentiary burden in this inquiry, and must "explain every lapse in effort or period of delay." *Ashley*, 293 S.W.3d at 179 (quoting *Proulx*, 235 S.W.3d at 216).

But although "any delay in service after limitations has run requires an explanation," the fact that "some time has elapsed between service efforts does not alone prove a lack of diligence." *Tanner*, 689 S.W.3d at 299.

And "[i]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts," then "the burden shifts back to the defendant to conclusively show why the explanation is insufficient." *Budget Rent A Car System, LLC v. Valadez*, 558 S.W.3d 304, 307 (Tex. App.—Hous. [14th Dist.] 2018).

For a plaintiff's explanation of their inaction to fail as a matter of law, it must be "patently unreasonable." *Tanner*, 689 S.W.3d at 299.

In sum, a plaintiff who serves process outside the limitations period must make a bona fide service effort. "[D]iligence means truly trying to achieve service—as if one *wanted* to do it, not merely *had* to do it." *Tanner*, 689 S.W.3d at 299. *See also Cornejo v. Int'l Bank of Com.*, 2021 WL 4296416, at *4 (Tex. App.—Austin Sept. 22, 2021) (citation omitted) ("The issue of diligence is determined by 'look[ing] at whether a party's actions manifested a "bona fide" intention to have process served.'"); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000) (similar).

## A.

The district court here identified certain periods of delay in support of its conclusion that Plaintiffs were insufficiently diligent as a matter of law. But we conclude that Plaintiffs have offered a sufficient explanation for these periods to create a fact question under Texas law.

To start, the court faulted Plaintiffs for holding the citations for a few days before sending them to a process server. In doing so, the court invoked the requirement that a plaintiff "explain every lapse." *Larkins*, 2024 WL 3744396, at *4 (citing *Proulx*, 235 S.W.3d at 216).

But minimal delays may be supported by minimal explanations. *See Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009) ("In cases of relatively short delay . . . it may take little evidence to prove that, as a matter of fact, the plaintiff acted as a reasonably prudent person and was diligent in obtaining service."); *Rojas v. CitiMortgage, Inc.*, 2017 WL 4054397, at *5 (Tex. App.—Corpus Christi Sept. 14, 2017) (citation omitted) ("[M]inimal delay simply means that a minimal explanation would have sufficed.").

The paralegal explained that, during this period, there were ongoing issues in an unrelated trial that, in her view, required immediate attention. Considering this short period, the delay was not patently unreasonable as a

matter of law.  Finding otherwise would create a duty above and beyond ordinary diligence.  *Cf. Sharp*, 500 S.W.3d at 120 ("A plaintiff is not required to use the highest degree of diligence to procure service.").

The district court found it "[m]ore problematic" that the paralegal waited several weeks before following up with the process server.  The court dismissed the paralegal's justification and objected that "nothing in the timeline recitation accounts for *all* of the working hours in a given day." *Larkins*, 2024 WL 3744396, at *5.

The court was also troubled that, after the process server expressed confusion, the paralegal took several days to confirm the names and addresses for Defendants, and then several more to reassign the citations for service.

But the paralegal's delay in confirming Defendants' addresses and reassigning service was neither unexplained nor patently unreasonable.  She stated that she was performing an "audit" during this period to confirm the addresses.  Whether that was reasonable is a fact question.

Nor were Plaintiffs unjustified as a matter of law to wait 18 business days—or 26 total days—before following up with the process server. The courthouse fire and resulting legal proceedings presented an understandable distraction for the firm.

Moreover, an ordinarily prudent person may permit third parties time to do their job.  *Cf. Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex. App.—El Paso 2001) ("We agree that the clerk must be given a reasonable time to fulfill her obligations under Tex. R. Civ. P. 99, and that a delay of three weeks in issuing citation . . . did not entail any inaction by the clerk obligating plaintiffs' recognition and correction. Thus, the period . . . does not include any unexplained lapses in diligence."); *Boyattia*, 18 S.W.3d at 734 ("Two

weeks is not an unreasonable amount of time to allow a clerk to perform his duties under the rule.").

To be sure, plaintiffs remain responsible for service. They may not blindly rely on process servers to establish diligence. But under Texas law, plaintiffs are not strictly liable for every process-server delay. Texas courts recognize that reliance on a process server may be reasonable in some circumstances. *See*, *e.g.*, *Branch Banking and Tr. Co. v. SWIG Partners GP, LLC*, 2017 WL 6627541, at *3 (Tex. App.—Dallas Dec. 13, 2017) (noting that plaintiff "was permitted to give its process server a reasonable amount of time to accomplish service").

The weight of Texas authority forecloses dismissal as a matter of law on the ground that Plaintiffs lacked diligence.

In *English v. Record*, 2021 WL 4095253 (Tex. App.—Hous. [1st Dist.] Sept. 9, 2021), the plaintiff filed on the final day of the limitations period, and then let three weeks pass before requesting a citation for service, and then permitted the process server to wait over a month before the first service attempt. *See id.* at *3. The plaintiff's attorney simply explained that he was "occupied with other work for the initial three-week delay between filing and the request for citation," and that "he worked his active cases on a 'rotating' system." *Id.* at *4. As for the subsequent month-long delay, the plaintiff's attorney said only that "he communicated regularly" with the process server and found him "reliable" in the past. *Id.* The court of appeals nevertheless found a fact issue regarding diligence, noting that the lapse of "some periods . . . between service efforts" did not "conclusively demonstrate" the plaintiff "was not exercising diligence in her efforts to locate and serve" the defendant. *Id.* (citing *Proulx*, 235 S.W.3d at 217). The court recognized that "reliance on a process server may constitute reasonable diligence in some circumstances." *Id.* at *5.

Plaintiffs here were considerably more diligent than in *English*. Unlike in *English*, Plaintiffs requested their citation immediately, and passed it along to a process server shortly thereafter.

Likewise, in *Fontenot v. Gibson*, 2013 WL 2146685 (Tex. App.—Hous. [1st Dist.] May 16, 2013), service was delayed for six months following the expiration of the statute of limitations. This six month period included, among other things: "a two-week delay between the request for the first citation and the court issuing the citation, followed by a two-week delay in delivering it to a process server; a three-week delay between the court clerk issuing a second citation and [the plaintiff] sending the citation to a process server; and a three-week delay between the process server's receipt of the citation and the process server's first attempt at service." *Id.* at *2. The court of appeals nevertheless concluded that "the delays in this case do not conclusively demonstrate that [the plaintiff] lacked diligence in her efforts to serve [the defendant]." *Id.* (citing *Proulx*, 235 S.W.3d at 216–17).

Similarly, in *Rojas*, the plaintiff waited 36 days after filing suit to serve process. The plaintiff submitted "no 'evidence regarding the efforts that were made to serve the defendant[s] and to explain every lapse in effort or period of delay.'" 2017 WL 4054397, at *6. The court of appeals nonetheless held that a fact issue existed regarding the plaintiff's diligence.

Texas courts have repeatedly held that "[t]he question of the plaintiff's diligence is usually one of fact." *Fontenot*, 2013 WL 2146685, at *2. *See also Saenz*, 951 F.2d at 667 ("The determination of due diligence is usually a fact question."). "Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Id. See also, e.g.*, *Taylor v. Rellas*, 69 S.W.3d 621, 623 (Tex. App.—Eastland 2002, no pet.) (declining to find diligence negated as a matter of law where plaintiff did not

follow up with process server for five weeks); *Branch Banking & Tr. Co.*, 2017 WL 6627541, at *3 (despite a three-week delay in service, "the record does not reflect any significant period of delay or inaction that [plaintiff] would have been obligated to recognize and act upon to correct"); *Rivera v. Henderson*, 2022 WL 3722320, at *12 (Tex. App.—Hous. [1st Dist.] Aug. 30, 2022) ("We are unaware of any legal authority establishing that one or two months between service efforts constitutes lack of diligence as a matter of law, and [defendant] does not cite any such authority."); *Ray v. O'Neal*, 922 S.W.2d 314, 317–18 (Tex. App.—Fort Worth 1996), *writ denied* (Sept. 4, 1997) ("Even absent these circumstances, a four-month delay in service alone does not establish lack of diligence as a matter of law."); *Cornejo*, 2021 WL 4296416, at *4 (rejecting defendant's argument that delays of forty-two and twenty-eight days negated diligence because "[t]he mere fact that some time elapsed between service efforts does not conclusively demonstrate that [plaintiff] was not exercising diligence in its efforts to locate and serve [defendant]"); *Martin v. Sam's Club, Inc.*, 2004 WL 62543, at *2 (N.D. Tex. Jan. 5, 2004) ("By itself, the three and a half month delay does not indicate an egregious lapse in diligence on her part sufficient to negate due diligence as a matter of law."); *Alexander v. Clear*, 2023 WL 3087337, at *4 (N.D. Tex. Apr. 25, 2023) (finding fact question where "according to [a paralegal], any inaction in serving [defendant] was due to the fact that she believed the process server was attempting service on [defendant], rather than [counsel] being non-diligent"); *id.* (observing that "under Texas case law it does not appear that a ninety-five-day delay between the expiration of the statute of limitations and service of process is unusually long").[3]

---

[3] Neither the district court nor the parties cite *Flanigan v. Nekkalapu*, 613 S.W.3d 361 (Tex. App.—Fort Worth 2020, no pet.). There the court of appeals disapproved of an attorney's "wholesale reliance" on a process server for "four and a half weeks," finding that this period negated diligence as a matter of law. *Id.* at 363, 366. But *Flanigan* also

So although the 26-day follow-up period presents the closest question regarding Plaintiffs' diligence, this record does not show abandonment. Plaintiffs forwarded the citations within days, the service task involved several similarly named corporate entities, and the paralegal identified contemporaneous disruptions that occupied the firm during the same period. A factfinder may ultimately reject that explanation. But under Texas law, we cannot say that it is patently unreasonable as a matter of law.

**B.**

Both Defendants and the district court offer several cases in an attempt to negate Plaintiffs' diligence as a matter of law. None are persuasive.

In *Budget Rent A Car System, LLC v. Valadez*, 558 S.W.3d 304, 307 (Tex. App.—Hous. [14th Dist.] 2018), for example, the plaintiff waited for over a month after the clerk issued the service citations to even transmit the citations to a process server. And the plaintiff "offered no evidence" to explain this delay. *Id.*

The decision in *Deeds v. Whirlpool Corp.*, 2017 WL 3437772 (S.D. Tex. Aug. 10, 2017), which we later affirmed, 764 Fed. App'x 407 (5th Cir. 2019), merely stands for the unremarkable proposition that "being busy with other tasks for other cases" does not excuse tardy service. And we do not hold otherwise. Here, the record establishes much more: citations were sent to a

---

observed that Texas courts have "previously held that two- or three-week delays—or even a two-month delay—may be insufficient to establish a lack of diligence," noting that "such determinations are necessarily dependent on the circumstances of the case." *Id.* at 366–67. *See also Lozovyy v. Kurtz*, 813 F.3d 576, 584 n.6 (5th Cir. 2015) (considering the weight of authority of state law to the extent state cases are inconsistent). *Cf. Proulx*, 235 S.W.3d at 215 (acknowledging that Texas's "jurisprudence has at times been less than clear in explaining the summary-judgment burden that inheres when the diligent-service question is presented").

process server within days; the defendants included several similarly named corporate entities; the process server identified confusion; the paralegal performed an address-and-entity audit; and service followed shortly thereafter.

Finally, the district court also relied on a trio of cases where the plaintiff's delay was shorter than the delay here, yet resulted in dismissal for lack of diligence. *See Larkins*, 2024 WL 3744396, at *6 (citing *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50 (Tex. App.—San Antonio 1999); and *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, *writ denied*)). But each of these cases involved a complete lack of explanation or unjustified inaction by the plaintiff.

In *Perkins*, nearly a month and a half passed before the citation was requested. 936 S.W.2d at 667. And the plaintiff offered "no explanation for the delay in the summary judgment evidence." *Id.* at 668. In *Rodriguez*, the plaintiffs specifically instructed the clerk *not* to issue the citation. 13 S.W.3d at 51. Although "this instruction was based on a well-intended gesture of a professional courtesy," it nonetheless constituted "*inactivity* or complete failure to attempt service." *Id. Mauricio* comes closest, but it too falls short. The plaintiff there transmitted the citation to a process server one week after its issuance, and only a month passed before the process server attempted service. But the court found lack of diligence as a matter of law because the plaintiff "presented no evidence," and the return of service likewise provided "no explanation for the delay and d[id] not record any attempts at service." 287 S.W.3d at 478, 480. The court acknowledged that this was a "relatively short delay," but nonetheless concluded that the complete absence of any evidence was dispositive. *Id.* at 480.

No. 24-20413

* * *

Plaintiffs may or may not ultimately prove diligence. We hold only that this record precludes judgment against them as a matter of law. Accordingly, we reverse and remand for further proceedings consistent with this opinion.